No. 20,923.

The People of the State of Colorado *v.*
Francis P. O'Neill.

(385 P. [2d] 588)

Decided October 7, 1963.

Mr. Alex Stephen Keller, Attorney appointed by
Grievance Committee to represent complainant.

No appearance for respondent.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This is an original proceeding brought under the pro-
visions of Chapter 20, Rules of Civil Procedure, which
govern the procedures to be followed with relation to
the discipline of attorneys.

Francis P. O'Neill, the respondent above named, was
admitted to the bar of Colorado in 1948, and since that
date has been authorized to engage in the practice of
law in this state. October 19, 1962, a formal complaint
was lodged against him by one Morris Shapiro, in which

it was alleged that the said Francis P. O'Neill had committed "acts contrary to the highest standards of honesty, justice and morality as set forth more particularly hereafter." Specifically it was alleged:

"That in June 1962 the complainant and the respondent were, jointly, attorneys in a particular matter and had an agreement in said case that a Two Thousand Five Hundred Dollar ($2,500) retainer fee was to be divided equally between them; that thereafter the said Two Thousand Five Hundred Dollar ($2,500) retainer fee was paid by the client and in pursuance of said agreement the said Francis P. O'Neill did on July 18, 1962, issue his check No. 186 drawn on the Jefferson County Bank of Lakewood, Colorado, to the complainant for fifty per cent thereof, to-wit: One Thousand Two Hundred Fifty Dollars ($1,250); that thereafter said check was deposited by the complainant, but it was returned by the bank with a notation that the account had been closed. The records at said Jefferson County Bank of Lakewood, Colorado, show that between the date that the said check was written, namely, July 18, 1962, and the date that the said account was closed on July 25, 1962, there were never sufficient funds to the credit of the respondent in the said Bank for the check to have been honored."

O'Neill filed an answer to this complaint in which he denied the above quoted charge. He affirmatively alleged that he had been "deceived * * * in the manner in which the alleged agreement was entered into * * * ."

Pursuant to applicable Rules of Civil Procedure, a formal hearing was held before the Grievance Committee. The recommendations and "Opinion of Committee" contain the following statement:

" * * * The hearing was called for June 26, 1963, at 1:30 P.M. pursuant to notice as shown by Exhibit C, a letter from Chairman Berman to Mr. O'Neill dated April 1st, 1963. It should be noted that Mr. O'Neill did not appear at the hearing and that he had had previous

notice of this hearing inasmuch as he himself had requested a continuance from the previous hearing date of April 16th, all as shown by Exhibits A and B.

"Mr. Berman requested that Mr. Loser, the prosecutor in the case, attempt to contact Mr. O'Neill by phone and the hearing was adjourned until 2:00 o'clock. At 2:00 P.M. the hearing was called to order and Mr. Loser reported that he was unable to contact Mr. O'Neill or anyone at his office and Mr. O'Neill did not appear at the hearing."

The Committee found from the evidence presented that O'Neill had "received or collected money or property for the use of, or belonging to another, and embezzled or fraudulently converted it to his own use." It was the unanimous recommendation of the full Grievance Committee of this court that said Francis P. O'Neill be disbarred. Pursuant to Rule 256, R.C.P. Colo., a citation was issued to and served upon O'Neill, together with a copy of the report and recommendation of the Committee. Service was made August 26, 1963. No response has been made by O'Neill pursuant to Rule 256 (b).

It is accordingly ordered that the license of Francis P. O'Neill to practice as an attorney and counselor at law in the state of Colorado be and the same is hereby revoked and his name stricken from the roll of attorneys authorized to practice law in this state. It is further ordered that said Francis P. O'Neill forthwith and from this date hence, cease and desist from holding himself out as an attorney and counselor at law authorized to practice law in the state of Colorado, and that he cease and desist from the practice of law in any manner, directly or indirectly.